UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.                                            MEMORANDUM OPINION
                                                  AND ORDER

Jacob John Lussier,                    Criminal No. 06-366 (MJD)

    Defendant/Petitioner.
_____

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

## I. Factual/Procedural Background

Petitioner entered into a Plea Agreement with the United States on February 15, 2007, by which he agreed to plead guilty to one count of Murder in the Second Degree, in violation of 18 U.S.C. §§ 1111, 1115 & 1153(a). In the Presentence Investigation Report (PSR), Petitioner was determined to be a career offender as he had two prior felony convictions that were crimes of violence. PSR ¶ 26. Specifically, Petitioner was convicted of Accomplice to Second Degree Assault and Reckless Discharge of a Firearm on March 27, 2003. PSR ¶ 36. Further, on March 31, 2003, Petitioner was convicted of Theft of Motor Vehicle and Escape from Custody. PSR ¶ 37, 38. At the time the PSR was prepared, both

1

Theft of Motor Vehicle and Escape from Custody were considered crimes of violence for purposes of determining whether Petitioner was a career offender under the United States Sentencing Guidelines (U.S.S.G.). PSR ¶ 37. However, pursuant to the U.S.S.G. § 4A1.2, Petitioner's conviction of Escape from Custody was not used as a predicate offence because it occurred on the same occasion as the Theft of Motor Vehicle conviction. Id. Based on a total offense level of 35, and a criminal history category of Category VI, the applicable guideline range was 292 to 365 months. PSR ¶ 73. At sentencing, this Court adopted the PSR without change, and sentenced Petitioner to 292 months of imprisonment and 5 years of supervised release. Petitioner did not appeal this sentence.

Petitioner brings this petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming that he is entitled to relief because he was improperly determined to be a career offender.

**II. Discussion**

    **A. Petitioner's Failure to Raise this Issue on Appeal Resulted in a Procedural Default**

It is well settled that a § 2255 motion will not serve as a substitute for direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). Failure to raise an issue on direct appeal generally constitutes a procedural default, which prohibits

the petitioner from raising the issue for the first time in a § 2255 motion. Id. A procedural default will be excused only if the petitioner can demonstrate cause and actual prejudice or that he is actually innocent. Id. at 622. See also Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir. 2010); United States v. Bailey, 235 F.3d 1069, 1072 (8th Cir. 2000).

Here, Petitioner argues that he was improperly sentenced as a career offender pursuant to U.S.S.G. § 2K2.1(a)(2), and that he is entitled to relief based on the Eighth Circuit's holding in United States v. Williams, 537 F.3d 969 (8th Cir. 2008). In Williams, the court held that auto theft without consent does not constitute a crime of violence under the sentencing guidelines. Id. at 974. The court reached this conclusion based on the Supreme Court's analysis and holding in Begay v. United States, 553 U.S. 137 (2008) where the Court held that a Driving Under the Influence conviction is not a crime of violence.

At the time of sentencing, however, Petitioner failed to argue that his auto-theft conviction was not a crime of violence, nor did he raise this issue on appeal. To avoid a procedural default, Petitioner must now show either cause and prejudice or actual innocence.

Although Petitioner does not address this procedural default in either his memorandum in support of his motion or in his reply memorandum, this Court is satisfied that he would be unable show cause and prejudice or actual innocence. At the time of sentencing, Petitioner could have objected to or appealed the decision to treat his auto-theft conviction as a crime of violence. Petitioner did neither. It is true that when Petitioner was sentenced in 2007, the Eighth Circuit treated auto-theft as a crime of violence. See United States v. Sprouse, 394 F.3d 578 (8th Cir. 2008). And it was not until 2008 that the Eighth Circuit held that auto-theft was not a crime of violence. Williams, 537 F.3d at 974. That Petitioner's argument was foreclosed in 2007 by the Eighth Circuit, however, does not constitute cause. In Bousley, the Supreme Court held that "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" 523 U.S. at 623 (citations omitted); see also Lindsey, 615 F.3d at 1000–01 (refusing to find cause necessary to overcome procedural default simply because the petitioner's argument was foreclosed in the Eighth Circuit at the time of sentencing). Thus, simply because Petitioner's argument that auto-theft is not a crime of violence was foreclosed in

2007, this does not constitute cause, which is necessary to overcome procedural default.

As for actual innocence, nowhere in Petitioner's § 2255 motion or reply does he claim actual innocence. Therefore, the procedural default cannot be excused on this basis.

**B.  Petitioner's Motion Is Outside the Applicable Statute of Limitations**

Even if Petitioner were not procedurally barred from raising the issue, his § 2255 motion is outside the one-year statute of limitations period, and the doctrine of equitable tolling does not apply. Pursuant to § 2255:

> The limitation period shall run from the latest of--(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Under § 2255(f)(1), a judgment of conviction becomes final 10 days after the entry of judgment if the defendant does not file an appeal. Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (holding that defendant's judgment of

5

conviction became final ten days after sentencing when defendant did not file a direct appeal). Here, judgment was entered on July 25, 2007, and Petitioner did not file an appeal. To fall within the one-year statute of limitations set forth in 28 U.S.C. § 2255(f)(1), Petitioner needed to file his § 2255 motion by August 8, 2008. Instead, Petitioner filed the instant petition on July 13, 2012, nearly four years after the expiration of the one-year statute of limitations.

Petitioner argues, however, that the statute of limitations should be tolled pursuant to subparagraphs (2) or (3) of § 2255. In the alternative, Petitioner argues that the statute should be equitably tolled.

### 1. There Was No Impediment Caused by Governmental Action

Section 2255(f)(2) states that the statute of limitations may run from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed." Petitioner argues that the statute of limitations period should not begin until governmental impediments to filing were removed. Petitioner lists three primary impediments. He states that he has been kept on 23 hour lockdown for over half of his incarceration, Lussier Aff. ¶ 4, and as a result had limited access to the courts and the prison's legal library. Lussier Aff. ¶¶ 5–6, 11. Further,

6

Petitioner states that he suffered from heatstroke in 2009 and was unable to pursue his § 2255 claims for at least one year after his illness. Lussier Aff. ¶¶ 13–16.

In addition to listing impediments to timely filing, Petitioner must also show that the governmental action was in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2255(f)(2). A prisoner's mere inability to access the law library due to lockdown is not, by itself, an unconstitutional impediment. See Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000) (holding that the prisoner's limited access to the library due to lockdown was not an unconstitutional impediment). Further, Petitioner must show that the lockdown was not "reasonably related to legitimate penological interests," in order for the lockdown to be considered an unconstitutional impediment. Lewis v. Casey, 518 U.S. 343, 361 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). In determining whether there is legitimate penological interest, the district court must give "deference to the judgment of the prison authorities." Id. In this case, Petitioner presents no evidence that the lockdown was not reasonably related to legitimate penological interests.

As for Petitioner suffering from heatstroke from June 2009 until sometime in 2010, this does not constitute an unconstitutional impediment as contemplated by § 2255(f)(2) because the illness began after the one-year statute of limitations period had expired.

### 2. Petitioner's Motion Is More Than One Year Outside of Any Right Initially Recognized by the Supreme Court

Section 2255(f)(3) provides that the statute of limitations may begin to run on the date "on which the right asserted was initially recognized by the Supreme Court." Petitioner argues that his § 2255 motion is rooted in <u>United States v. Williams</u>, 537 F.3d 969 (8th Cir. 2008) and <u>Sykes v. United States</u>, 131 S. Ct. 2267 (2011), and thus the statute of limitations must run from the date of these decisions. Petitioner's argument fails at the outset as neither <u>Williams</u> nor <u>Sykes</u> were decided within one year of Petitioner's § 2255 motion.[1]

Petitioner also contends that his § 2255 motion is timely because it was filed within one year of <u>Sun Bear v. United States</u>, 611 F.3d 925 (8th Cir. 2010) (Sun Bear I), which held that <u>Begay</u> could be applied retroactively. This argument fails for three reasons. First, the <u>Sun Bear</u> opinion upon which Petitioner relies was decided more than one year before he filed his § 2255

---

[1] <u>Williams</u> was decided on August 11, 2008, and <u>Sykes</u> was decided on June 9, 2011. Petitioner filed the instant petition on July 13, 2012.

motion[2]. Second, that decision was vacated on rehearing en banc. Sun Bear v. United States, 644 F.3d 700 (8th Cir. 2011)(Sun Bear II). Finally, the statute of limitations runs from the date on which the Supreme Court initially recognized the right asserted, not the date on which the right was made retroactively applicable. Dodd v. United States, 545 U.S. 353, 358 (2005). Thus, Petitioner's argument that the statute of limitations accrued on the date the Eighth Circuit held that Begay should be applied retroactively is without merit.

### 3. Petitioner Is Not Entitled to Equitable Tolling

Equitable tolling is available to § 2255 movants. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). Equitable tolling is only appropriate, however, where extraordinary circumstances beyond a petitioner's control prevent timely filing. Id. at 1093. The petitioner must also show that he acted with due diligence in pursuing his petition. Id. at 1095.

Here, Petitioner argues that the statute of limitations should be equitably tolled; however, he does not indicate a specific date when the limitations period should begin to run. Petitioner argues that equitable tolling is appropriate primarily because he was transferred to a different prison, he has spent much of his incarceration in lockdown status, and he had only sporadic access to the law

---

[2] This decision was issued on July 20, 2010.

9

library and his legal materials. Petitioner further argues that, due to these impediments, he did not learn about relevant developments in the law until 2011. These impediments, however, are common to many prisoners. See Jackson v. Ault, 452 F.3d 734, 736–37 (8th Cir. 2006) (refusing to apply the doctrine of equitable tolling when petitioner's alleged impediment was "a typical obstacle faced by many if not most habeas petitioners"). Indeed, the Eighth Circuit has held that impediments similar to those alleged by Petitioner do not constitute "extraordinary circumstances" that would warrant equitable tolling. See e.g., Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003) (holding that limited access to a law library is an insufficient circumstance to justify equitable tolling); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); see also Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (noting that "ignorance of the law, even for an incarcerated *pro* se petitioner, generally does not excuse prompt filing"); United States v. Sanchez-Garcia, No. 8:03CR505, 2009 WL 297003, at *2 (D. Neb. Feb. 5, 2009) (holding that lockdowns, security transfers, and lost legal papers "parallel the common obstacles most petitioners face in filing their § 2255 [m]otions" and therefore do

not constitute "extraordinary circumstances") . Because Petitioner's impediments are not the "extraordinary circumstances" necessary for the doctrine of equitable tolling to apply, it is unnecessary to determine whether Petitioner was diligently pursuing his rights.

### C. Petitioner's Claims Fail on the Merits

Even if Petitioner was not procedurally and time barred from bringing a § 2255 motion, his claim fails on the merits. In addition to pleading guilty to Theft of a Motor Vehicle, Petitioner also pled guilty to Escape from Custody. Thus, even if Petitioner's Theft of a Motor Vehicle conviction is not considered when determining whether the career offender requirements are met, the Court may consider Petitioner's Escape from Custody conviction.

Generally a court employs a categorical approach when determining whether a previous conviction is a crime of violence. James v. United States, 550 U.S. 192, 204–06 (2007). Under this approach, the court must examine the statutory definition of a crime rather than the unsuccessful crime that the defendant attempted on a particular occasion. Id. If a statute criminalizes both conduct that would qualify a defendant for an enhancement as well as conduct that would not do so, the court will employ a modified categorical approach.

11

United States v. Montenegro-Recinos, 424 F.3d 715, 717 (8th Cir. 2005). When applying the modified categorical approach, "the court may refer to the charging document, the terms of a plea agreement, jury instructions, or comparable judicial records to determine the basis for a guilty plea or verdict." Id. (citing Shepard v. United States, 544 U.S. 13, 26 (2005); Taylor v. United States, 495 U.S. 575, 602 (1990)).

In Chambers v. United States, 555 U.S. 122, 126–29 (2009), the Supreme Court held that crimes characterized by a failure to present oneself for detention are not crimes of violence; however, the Court explicitly distinguished the crime of failure to report and the crime of escape from custody. Thus, Chambers leaves intact the Eighth Circuit's precedent that escape from custody is a crime of violence. United States v. Pearson, 553 F.3d 1183, 1186 (8th Cir. 2009).

Minnesota law defines the crime of escape as both "departure without lawful authority and failure to return to custody." Minn. Stat. § 609.485, subdiv. 1 (2011). Because the statute includes encompasses conduct that would and would not qualify as a crime of violence, the modified categorical approach is necessary. Under the modified categorical approach, the Court may examine the charging documents, the terms of a plea agreement, or comparable judicial

records not to see how the particular crime at issue was committed, but "*only* to determine which part of the statute the defendant violated." United States v. Howell, 531 F.3d 621, 622–23 (8th Cir. 2008) (emphasis in original); see also Johnson v. United States, 599 U.S. 133 (2010) (permitting a court to determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, transcripts of plea colloquies, etc.).

In this case, Petitioner clearly violated that part of § 609.485 that prohibits the "departure without lawful authority" as opposed to the part of the statute that prohibits the "failure to return to custody." Minn. Stat. § 609.485, subdiv. 1. Pursuant to the PSR,[3] Petitioner "escaped from [Pennington County Jail] by pushing out a window . . . and then crawling threw [sic] the open window frame." PSR ¶ 37. Petitioner did not simply fail to return to custody, he clearly escaped from the jail without lawful authority. Escape from a penal institution remains a crime of violence in the Eighth Circuit. United States v. Furqueron, 605 F.3d 612, 616 (8th Cir. 2010) ("Applying the modified categorical approach, we hold that [Petitioner's] conviction for escape from a penal institution, in

---

[3] This Court examines the PSR not to see how the particular crime was committed on this occasion, but only to determine if Petitioner departed without lawful authority or if he failed to return to custody.

violation of Minnesota Statutes 609.485 subdivisions 2(1) and 4(1) (1988), constitutes a crime of violence for purposes of the sentencing guidelines.") Thus, even if Petitioner's conviction of Theft of a Motor Vehicle was not considered, he would still receive an enhanced sentence as a career offender due to his conviction for Escape from Custody.

## III. Certificate of Appealability

With regard to the procedural rulings herein, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the decisions on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

14

**IT IS HEREBY ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. Nos. 46 and 51] is denied. The Court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 24, 2013

<u>s/ Michael J. Davis</u>
Michael J. Davis
Chief Judge
United States District Court

Criminal No. 06-366