UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

                                    **MEMORANDUM OPINION**
                                          **AND ORDER**
                            Crim. No. 06-366 (01) (MJD)

Jacob John Lussier,

      Defendant.

_____

      Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

      Karen Mohrlant, F. Clayton Tyler, P.A., Counsel for Defendant.

_____

      This matter is before the Court on Defendant's Motion for Release from Custody pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. No. 77]

## I.    Background

      On February 15, 2007, Defendant entered into a Plea Agreement and pleaded guilty to one count of Murder in the Second Degree, in violation of 18 U.S.C. §§ 1111, 1115 & 1153(a). In the Presentence Investigation Report (PSR), Defendant was determined to be a career offender as he had two prior felony convictions that were crimes of violence. PSR ¶ 26.

Specifically, Defendant was convicted of Accomplice to Second Degree

Assault and Reckless Discharge of a Firearm on March 27, 2003.  PSR ¶ 36.

Based on a total offense level of 35, and a criminal history category of

Category VI, the applicable guideline range was 292 to 365 months.  PSR ¶

73.

     At sentencing, this Court adopted the PSR without change, and

sentenced Defendant to 292 months of imprisonment and 5 years of

supervised release.

     To date, Defendant has served approximately 13 years of his sentence.  He

is scheduled to be released from custody of the Bureau of Prisons ("BOP") on

April 25, 2028.

     Defendant now moves the Court for an Order converting the remainder of

his sentence to home confinement.

## II.     Motion to Reduce Sentence

     Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's

motion following exhaustion of administrative remedies or the lapse of 30 days

from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier, "reduce the term of imprisonment (and may impose a term

of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The United States Sentencing Guidelines define in pertinent part "extraordinary and compelling reasons" due to medical condition of the defendant as:

> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious functional or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

### III.   Discussion

As is clear from the above statutory text, Defendant must first exhaust his administrative remedies before the Court can grant him any relief.  In his motion for compassionate release, Defendant asserts he filed a request for reduction in sentence on May 7, 2020 and that the BOP did not respond to his request within 30 days.  In his request to the BOP, Defendant noted he has underlying health factors including compromised lungs and high blood pressure, and that "for the Covid 19 I'm asking to be released to home confinement."  (Doc. No. 77-1.)

After Defendant filed his pro se motion for release, counsel was appointed, who filed a supplemental motion in support of the motion.  (Doc. No. 84.)  In the supplemental memorandum, counsel raises other health conditions, including his positive COVID-19 test, obesity, and anxiety.   The government argues that because these additional bases were not addressed to the warden, Defendant has not exhausted his administrative remedies as to those bases.

 Defendant asks the Court not to apply the exhaustion requirement hyper-technically, as other courts have done.  See e.g. United States v. Haynes, Crim. No. 14-20083, 2020 WL 4696601 (E.D. Mich. Aug. 13, 2020) (quoting United States v. Knight, No. 1:15-cr-393, 2020 WL 4059886, at * 2 (M.D.N.C. July 20, 2020)).  In

Haynes, the court found that although the defendant had not specified certain

medical conditions in his request to the warden, the court found the defendant

had exhausted his administrative remedies as to those medical conditions

because "it can be presumed that the BOP was well-aware of at least Defendant's

obesity and high blood pressure when his request was denied.  Both conditions

are documented in Defendant's prison medical records."  Id.

     In this case, the BOP would have been aware of Defendant's medical

history as it had access to his prison medical records.  In addition, the request to

the warden included Defendant's concern of contracting COVID-19 in light of his

medical conditions.  On the record before it, the Court finds that Defendant's

request to the warden is sufficiently similar to the motion before the Court such

that the Court can find he has exhausted his administrative remedies.  See United

States v. Gluzman, 7:96-cr-323, 2020 WL 4233049, at *11-12 (S.D.N.Y. July 23,

2020) (finding § 3582(c)(1)(A) contains no requirement that the basis for a motion

for compassionate release must be identical to the basis of the defendant's

request to the warden).

     As to the merits of Defendant's motion, the Court finds that Defendant has

failed to show "extraordinary and compelling reasons" due to medical condition

or age.  See U.S.S.G. § 1B1.13, cmt. 1(A).  Defendant is 37 years old.  He asserts he is suffering from the following medical conditions that put him at risk for serious illness should he contract COVID-19: Obesity, Hypertension, History of Blastomycosis (lung infection) and elevated diaphragm.  He further asserts he suffers from anxiety.  Further, on June 18, 2020, Defendant tested positive for COVID-19.  (Doc. No. 90 at 16.)  His medical records indicate he denied suffering from any COVID specific symptoms.  (Doc. No. 85 at 9.)  Defendant did submit a letter he addressed to Medical dated 6/7/20, in which he states he has not been feeling well (sinus pain, runny nose, sore throat, headaches, burning in right lung, slight cough, one night felt like body on fire.) (Doc. No. 85 at 19.)  He further submitted an "Inmate Sick Call Sign-Up Sheet" in which he stated he had been "having a sore throat and burning in right lung like raw feeling."  (Id. at 20.)

After the positive test result, Defendant was quarantined for 14 days, and he was screened daily through July 7, 2020.  (Doc. No. 90 at 20-21.)  His current medical records indicate he has recovered and is suffering no symptoms.  (Id. at 1-10.)  Accordingly, based on the record before it, Defendant has not demonstrated that he suffers from a medical condition for which the BOP is

unable to provide him appropriate medical treatment or one which substantially

diminishes his ability to provide self-care within the environment of a

correctional facility and one from which is he not expected to recover.

    In addition, the Court finds that a sentence reduction would be contrary to

the factors set forth in 18 U.S.C. § 3553(a).  Defendant was convicted of murder in

the second degree.  A sentence reduction would not reflect the seriousness of this

offense, promote respect for the law or provide a just punishment.  In addition, a

sentence reduction would create unwarranted sentencing disparities among

defendants and would not afford adequate deterrence for the offense committed.

    The Court further finds that Defendant poses a danger to the community if

released.  The government has submitted correspondence from the mother of the

murder victim, who states she is opposed to his release and would be worried

about further harm to her family if he were to be released.  (Doc. No. 90 (Gov't

Ex. 3).)  In addition, his disciplinary records from prison indicate that he has

committed a number of violations while in prison, including a number of

assaults without serious injury, and possessing shanks hidden in his locker.  (Id.

(Gov't Ex. 2).)

IT IS HEREBY ORDERED that Defendant's Motion for Release pursuant to

18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 77] is **DENIED**.

Date:  September 10, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court