UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Jacob John Lussier,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 06-366 (01) (MJD)

_____

    Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

    Defendant, *pro se*.

_____

This matter is before the Court on Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). [Doc. No. 105]

## I.    Background

On February 15, 2007, Defendant pleaded guilty to one count of Murder in the Second Degree, in violation of 18 U.S.C. §§ 1111, 1115 & 1153(a). At sentencing, Defendant was found to be a career offender as he had three prior felony convictions that were crimes of violence. PSR ¶ 26. Specifically, Defendant was convicted of Accomplice to Second Degree

Assault and Reckless Discharge of a Firearm, Theft of a Motor Vehicle and Escape from Custody. (PSR ¶¶ 36-38.) Based on a total offense level of 35, and a criminal history category of Category VI, the applicable guideline range was 292 to 365 months. PSR ¶ 73.

On July 24, 2007 the Court sentenced Defendant to 292 months imprisonment, followed by 5 years of supervised release. He did not appeal his sentence.

On July 13, 2012, Defendant filed a motion pursuant to 28 U.S.C. § 2255 in which he challenged his career offender designation. That petition was dismissed as Defendant had failed to raise the issue on direct appeal and because the petition was not timely filed. (Doc. No. 56 (Order dated February 25, 2013).)

In 2016, Defendant filed a second motion to vacate under § 2255. At that time, a petition to file a second or successive habeas petition was pending before the Eighth Circuit. Thereafter, the government moved to stay the second motion pending the Supreme Court's decision in Beckles v. United States. The motion to stay was granted. After the Supreme Court issued its decision in Beckles, in which it found that the sentencing guidelines are not subject to vagueness challenges, the Eighth Circuit denied Defendant's petition for authorization to

file a successive habeas petition and this Court dismissed Defendant's second § 2255 petition. (Doc. No. 68 (Judgment dated October 5, 2017).)

On June 19, 2020, Defendant moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the danger posed him by the global COVID-19 pandemic and that his health conditions put him at an increased risk. The Court denied the motion, finding that Defendant had not demonstrated extraordinary and compelling reasons due to his medical condition or age to warrant relief, and because he posed a danger to the community if released, and that a sentence reduction would be contrary to the factors set forth in 18 U.S.C. § 3553(a). (Doc. No. 95.)

Before the Court is Defendant's second motion for a sentence reduction under § 3582(c)(1)(A).

II.  **Motion to Reduce Sentence**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies[1] or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

---

[1] There is no dispute that Defendant has exhausted his administrative remedies.

whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[2] which provides when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement. U.S.S.G. §

---

[2] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act. Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A). See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

1B1.13. This policy statement also defines "extraordinary and compelling" reasons" to include the medical condition of the Defendant, age of the Defendant, family circumstances or other extraordinary and compelling reasons.

III. Discussion

In this motion, Defendant argues he is entitled to relief because his guideline range, if calculated today, would be lower due to amendments to the sentencing guidelines. He argues that he no longer qualifies as a career offender under the current guidelines and that his criminal history points should be reduced two points because the provision under § 4A1.1 that added two points if any part of the instant offense was committed within two years following release from confinement was deleted in 2010. If his criminal history points are reduced by two points, his criminal history category would be IV. Defendant argues the Court can consider his current motion under the "catchall" provision set forth in § 1B1.13, comment 1(D).

The government opposes the motion because Defendant is, in fact, challenging the validity of his sentence, and that § 3582 cannot be used for such a challenge.

"A federal inmate generally must challenge a sentence through a § 2255 motion, and a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion." United States v. Fine, 982 F.3d 1117, 1118 (8th Cir. 2020) (finding that a defendant's challenge to his career offender designation is a challenge to his sentence). Further, a defendant "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

Defendant argues he is not challenging his sentence. Instead, he argues that intervening changes in the law, which would result in a lower guideline range if he were sentenced today, is an extraordinary and compelling reason that would warrant relief under § 3582. In support, he cites to the decision in United States v. Logan, Case No 97-99 (PJS), 2021 WL 1221481 (D. Minn. April 1, 2021) where the district court found that the policy statement set forth in USSG § 1B1.13 did not limit what the court can consider to be extraordinary and compelling reasons under § 3582.

Logan provides no support for Defendant's motion. From the outset, the court noted it had "significant reservations about allowing a defendant to use § 3582 to take advantage of a change in the law that was not made retroactively applicable to that defendant." Logan at *7. The defendant tried to characterize his motion as not challenging the validity of his sentence, but the court noted such an argument "is a wolf in sheep's clothing." Id.

> At its core, Logan's argument is that what is extraordinary about his situation is that he is serving an illegal sentence. In Fine, the Eighth Circuit instructed that **"a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion."** Logan has already filed a § 2255 motion, and he has twice sought and been denied permission to bring a second or successive § 2255 motion to raise exactly the challenges to his sentence that he raises in his compassionate-release motion. Thus, to the extent that his Apprendi and Booker argument challenges the validity of his sentence, his argument is **"an unauthorized successive motion to vacate, set aside, or correct a sentence."**

Id. at *9 (citations omitted).

The court held that while it had the discretion to grant the defendant's motion for compassionate release based on extrinsic legal arguments, it declined to do so. Id. at *11. "Given the quasi-habeas nature of [defendant's] claims, the nature of the legal changes to which he points, and the fact that Apprendi and Booker are not retroactive, the Court finds that the extrinsic legal factors that

[defendant] identifies – even when considered with his other arguments – do not provide an extraordinary and compelling reason for his release." Id.

Like the Court in Logan, this Court finds that Defendant has not demonstrated there are extraordinary or compelling reasons to allow him to circumvent the authorization requirements for filing a second or successive § 2255 action by a motion under § 3582.

Because Defendant has previously filed habeas petitions under § 2255, and because the motion currently before the Court fits the description of a motion to vacate, set aside or correct a sentence under § 2255, he must seek authorization from the Eighth Circuit prior to filing a successive petition. Because Defendant did not obtain the proper authorization from the Eighth Circuit to file the current motion, the motion will be denied. See Fine, 982 F.3d at 1118-19 (affirming district court's denial of motion to reduce sentence under 3582(c)(1)(A)(i) as defendant's motion was an improper successive motion to vacate, set aside or correct a sentence that could not be filed without authorization from the circuit court).

IT IS HEREBY ORDERED that Defendant's Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 105] is **DENIED**.

Date: June 24, 2021

                                               s/Michael J. Davis
                                               Michael J. Davis
                                               United States District Court