## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                   **MEMORANDUM OF LAW AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

                                   Criminal File No. 06-366(1) (MJD)

JACOB JOHN LUSSIER,

      Defendant.

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Jacob John Lussier, pro se.

## I.    INTRODUCTION

This matter is before the Court on Lussier's Third Motion for Compassionate Release (Doc. 167) under 18 U.S.C. § 3582(c)(1)(A). For the reasons addressed below, this motion is denied.

## II.    BACKGROUND

On February 15, 2007, Lussier pleaded guilty to one count of Murder in the Second Degree, in violation of 18 U.S.C. §§ 1111, 1115 & 1153(a). (Doc. 38.) At sentencing, Defendant was found to be a career offender as he

had three prior felony convictions that were crimes of violence. (PSR ¶ 26.) Specifically, Lussier was convicted of Accomplice to Second Degree Assault and Reckless Discharge of a Firearm, Theft of a Motor Vehicle and Escape from Custody. (PSR ¶¶ 36-38.) Based on a total offense level of 35, and a criminal history category of Category VI, the applicable guideline range was 292 to 365 months. (PSR ¶ 73.)

On July 24, 2007 the Court sentenced Defendant to 292 months imprisonment, followed by 5 years of supervised release. (Doc. 44.) He did not appeal his sentence.

On July 13, 2012, Lussier filed a motion pursuant to 28 U.S.C. § 2255 in which he challenged his career offender designation. (Doc. 46.) That petition was dismissed as Lussier had failed to raise the issue on direct appeal and because the petition was not timely filed. (Doc. 56.)

In 2016, Lussier filed a second motion to vacate under § 2255. (Doc. 60.) At that time, a petition to file a second or successive habeas petition was pending before the Eighth Circuit. Thereafter, the government moved to stay the second motion pending the Supreme Court's decision in Beckles v. United States. The motion to stay was granted. After the Supreme Court issued its decision in

2

Beckles, in which it found that the sentencing guidelines are not subject to vagueness challenges, the Eighth Circuit denied Lussier's petition for authorization to file a successive habeas petition and this Court dismissed Lussier's second § 2255 petition.  (Doc. 68.)

On June 19, 2020, Lussier moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the danger posed to him by the global COVID-19 pandemic and that his health conditions put him at an increased risk. (Doc. 77) The Court denied the motion, finding that Lussier had not demonstrated extraordinary and compelling reasons due to his medical condition or age to warrant relief, and because he posed a danger to the community if released, and therefore, a sentence reduction would be contrary to the factors set forth in 18 U.S.C. § 3553(a).  (Doc. 95.)

On January 26, 2021, Lussier moved for compassionate release for the second time pursuant to § 3582(c)(1)(A). (Doc. 105.) In his second motion, Lussier sought to raise arguments presented in his two prior § 2255 motions; namely, that the definition of career offender had changed and his guidelines would be lower if he were sentenced in 2021 due to amendments to the Sentencing Guidelines. (Id.) At that point, the Guidelines were amended to remove the

residual clause of the of the definition of "crime of violence," so neither Lussier's escape conviction nor his auto theft conviction would constitute predicate convictions for career offender status. See U.S. Sent. Comm'n, Amendment 798, https://www.ussc.gov/guidelines/amendment/798.  The Court denied the motion, finding that Lussier was improperly attempting to challenge his underlying sentence under § 3582(c)(1)(A). (Doc. 116.) Instead, the Court noted that § 2255 is the proper vehicle to challenge his sentence, and Defendant did not receive authorization to file a successive § 2255 action. (Id.)

Lussier subsequently filed a series of motions in 2024 and early 2025. Lussier first filed a Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821. (Doc. 149.) Lussier then filed a Motion on the District Court Recharacterizing Lussier's Pro Se Letter Doc. 129 as Pro Se Litigant's First Time Motion for Relief Under 18 U.S.C. 3582(c)(2) (Doc. 157.) Finally, Lussier filed a Motion in Response to United States' Reply, which the Court interpreted as Lussier's Surreply to the Government's Response to Defendant's Motion for Modification of Term of Imprisonment. (Doc. 160.) The Court carefully reviewed each of these motions and denied them. (Doc. 161.)

4

Before the Court is Lussier's third motion for compassionate release. (Doc. 167.)

## III.   DISCUSSION

Lussier makes claims for compassionate release based on his initial sentence as well as his current family circumstances. (Doc. 167.) Related to his sentence, Lussier makes arguments about his criminal history score, argues that he is no longer considered a career offender under the Guidelines, and maintains that if he were sentenced today, he would benefit from Amendment 821 to the Guidelines. (Id. at 1.) For his family circumstances, Lussier argues that his mother suffers from chronic lung and heart disease, and that his sister is unable to care for her. (Id.)

### A.   Legal Framework

The court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,

> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--(i) extraordinary and compelling reasons warrant such a reduction . . .

5

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphasis added). U.S.S.G. § 1B1.13 lists various circumstances to find that "extraordinary and compelling reasons" warrant a reduction in prison sentence. Relevant here, "extraordinary and compelling circumstances" can occur when a defendant's parent is incapacitated and defendant is the only one who can care for them, the age of the defendant, and circumstances where the defendant is serving an unusually long prison sentence and there has been a change in the law. See U.S.S.G. § 1B1.13(b).

### B.   Exhaustion of Administrative Remedies

Before the Court will consider a defendant's claim to reduce his prison sentence, the claims must first be presented to the BOP. 18 U.S.C. § 3582(c)(1)(A); United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021). Claims not first presented to the BOP must be dismissed without prejudice because the exhaustion requirement is a "mandatory claim processing rule." Id.

Here, Lussier has presented evidence that he first raised his claims with the BOP. Lussier specifically filed a document indicating that he sought a reduction in sentence from the BOP. (Doc. 168.) The government agrees that Lussier properly raised his request to the BOP and that his motion is ripe for

6

adjudication. (Doc. 174 at 5.) Therefore, the Court will consider that this motion is properly before the Court.

###    C.    Compassionate Release

None of Lussier's reasons satisfy his burden to state "extraordinary and compelling" circumstances that comport with the statute.  See United States v. Avalos Banderas, 39 F.4th 1059, 1062 (8th Cir. 2022) (stating that "the inmate bears the burden to establish that compassionate release is warranted and the district court is not required to investigate possible avenues for relief or to develop the record in support of a motion") (citation omitted).

###    1.    Criminal History

Lussier challenges the calculation of his criminal history, argues that he would no longer be treated as a career offender today, and states that if he were sentenced today, he would benefit from Amendment 821 of the Guidelines. (Doc. 169 at 1.)

First, to the extent that Lussier frames the grounds for compassionate release as a challenge to his underlying sentence, such argument is precluded by Eighth Circuit case law. See United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022) (holding that defendant could not "avoid the restrictions of the post-

7

conviction relief statute by resorting to a request for compassionate release instead") (citation omitted); <u>United States v. Mallett</u>, No. CR 17-264(3) (DWF), 2023 WL 4203155, at *2 (D. Minn. June 27, 2023). Lussier has previously filed two motions under § 2255 to Vacate, Set Aside, or Correct Sentence, both of which the Court denied. (Docs. 56, 68.) As the Court stated in response to Lussier's most recent compassionate release motion, "[b]ecause Defendant has previously filed habeas petitions under § 2255, and because the motion currently before the Court fits the description of a motion to vacate, set aside or correct a sentence under § 2255, he must seek authorization from the Eighth Circuit prior to filing a successive petition." (Doc. 116.) Lussier has not indicated that he has received any proper authorization from the Eighth Circuit to file a successive motion. On this basis then, the Court remains unpersuaded by Lussier's arguments.

Second, if Defendant seeks to invoke the "unusually long sentence" argument as permitted by U.S.S.G. § 1B1.13(b)(6)[1], this argument also fails.

---

[1] The Court acknowledges that the United States Supreme Court is currently considering the validity of § 1B1.13(b)(6). <u>See</u> <u>Carter v. United States</u>, S. Ct. No. 24-860; <u>Rutherford v. United States</u>, S. Ct. No. 24-820. The Court does not intend to speculate as to how the Supreme Court will rule on this issue and instead makes its current judgment based on the state of Eighth Circuit case law. Depending on the outcome, the Supreme Court's decision on this matter may permit Lussier to submit a subsequent motion for compassionate release.

Under section 1B1.13(b)(6), those who received an "unusually long" sentence may be candidates for a reduced sentence if they have served at least 10 years of the sentence and a change in the law has occurred that would generate a "gross disparity" between the sentence imposed and one likely to be imposed at the time the motion is filed. These circumstances do not apply to Lussier.

Lussier did not receive an unusually long sentence. Lussier was sentenced to 292 months. (Doc. 44.) His Guidelines range at the time of sentencing was 292 months to 365 months based on his total offense level of 35 and criminal history category of VI. (PSR ¶ 73.) It is true that Amendment 798 of the Guidelines removed the residual clause of the crime of violence definition, so that neither Lussier's escape conviction, nor his auto theft conviction would constitute predicate convictions for career offender status. See U.S. Sent. Comm'n, Amendment 798, https://www.ussc.gov/guidelines/amendment/798. Therefore, if he were sentenced today, his criminal history category would be calculated as IV, as opposed to VI. Based on this new calculation, his Guidelines range would be 235 to 293 months in prison. Considering Amendment 798's effect on his Guidelines – which, as the Court notes below is not necessary – his current

sentence of 292 months still falls within this new Guideline range and could not then be classified as "unusually long."

Moreover, there has been no change in the law that would create a "gross disparity" between the sentence he received and what the Court would likely impose today. Regarding the arguments he presents about his criminal history, as the government points out, there has been no change in the law that would affect it.

Regarding his argument about his status as a career offender, such a claim also fails. As discussed above, it is true that if Lussier were sentenced today, Amendment 798 to the Sentencing Guidelines would be in effect, and he would not be considered a "career offender" for purposes of the sentencing enhancement. However, a change in the law that has "not been made retroactive" is not a basis for determining whether there are extraordinary and compelling reasons for a sentence reduction. See U.S.S.G. §§ 1B1.13(b)(6), 1B1.13(c). Amendment 798 to the Sentencing Guidelines has not been made retroactive, so Lussier's claims are barred on this basis alone. See U.S.S.G. § 1B1.10.

10

Lussier points the Court to the Eighth Circuit's decision in United States v. Wright, 163 F.4th 469, 473 (8th Cir. 2025), arguing that the Court is required to consider a change in the law, even if not retroactive, when a defendant's prior convictions no longer qualify as predicate offenses. (Doc. 169 at 1; Doc. 181 at 1.) In Wright, the Eighth Circuit noted that the district court had determined that the defendant was eligible for a reduction even though the reduction was based on a nonretroactive change in the law under U.S.S.G. § 1B1.13(b)(6). 163 F.4th at 475. However, the Eighth Circuit noted that there is "significant tension between the district court's decision and our precedent." Id. (citing United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022); Loper Bright Enters. v. Raimondo, 603 U.S. 369, 401 (2024)). The court then noted that because the government did not file a cross appeal, the Eighth Circuit could not enter judgment to benefit the nonappealing party; therefore, the court determined that it "must accept the district court's determination that Wright was eligible for a sentence reduction" and apply an abuse of discretion standard of review. Id. (citing Duit Constr. Co. Inc. v. Bennett, 796 F.3d 938, 941 (8th Cir. 2015)). This Court is unpersuaded that the unique appellate posture of the Wright case stands for the proposition that the Court "must" factor in nonretroactive changes in the law that would be

11

relevant to Lussier's career offender status. Regardless, as stated above, under the new Guidelines, Lussier would still have a Guideline sentence.

Finally, as the government points out, this Court has already considered and dismissed Lussier's argument about Amendment 821. (Doc. 161.) The Court was evaluating Lussier's Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821 (Doc. 149); Motion on the District Court Recharacterizing Lussier's Pro Se Letter Doc. 129 as Pro Se Litigant's First Time Motion for Relief Under 18 U.S.C. 3582(c)(2) (Doc. 157); and Motion in Response to United States' Reply, which the Court interpreted as Lussier's Surreply to the Government's Response to Defendant's Motion for Modification of Term of Imprisonment. (Doc. 160). (See id.) The Court declines to reevaluate what appears to be the same claim Lussier raised previously.

Therefore, as presented to the Court, Lussier's sentence length and any changes to the Guidelines do not present the type of "extraordinary and compelling" reason to warrant compassionate release.

### 2.     Family Circumstances

Lussier also asserts that his mother suffers from chronic lung and heart

disease and claims that his sister is unable to provide care for their mother based on her own "deteriorating health." (Doc. 169 at 1.) The Sentencing Guidelines find "extraordinary and compelling" reasons due to family circumstances exist when 1) the defendant's parent is "incapacitated," and 2) the defendant "would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

First, Lussier has not met his burden in demonstrating that his mother is incapacitated. Lussier's mother provided a letter of support for Lussier's compassionate release motion as well as a letter from her doctor. (See Doc. 171; Doc. 171-1.) In her letter, she indicates that she suffers from "lung disease" that has no cure, that she is having shortness of breath more frequently, and that she has to be on oxygen at night. (Doc. 171.) Her doctor's letter verifies that she experiences shortness of breath and indicates that she was hospitalized due to COVID-19 that resulted in lung and other respiratory disease. (Doc. 171-1.) However, he notes that she is "no longer requiring any oxygen therapy" and that her fatigue "waxes and wanes." (Id.) He also indicates that she is "undergoing cardiac rehabilitation" following a heart procedure. (Id.)

The materials provided do not demonstrate that Lussier's mother is currently "incapacitated." Courts in this District have relied on the Bureau of

13

Prisons' Program Statement that defines "incapacitation" as either 1) the family member has "[s]uffered a serious injury, or a debilitating physical illness" such that the individual "is completely disabled, meaning that the [family member] cannot carry on any self-care and is totally confined to a bed or chair," or 2) the family has "[a] severe cognitive deficit . . . but may not be confined to a bed or chair." See e.g., United States v. Swarn, No. CR 20-118 (JRT/BRT), 2025 WL 2306990, at *2 (D. Minn. Aug. 11, 2025); United States v. Chachanko, No. 5:06-CR-50117, 2024 WL 3293619, at *7 (D.S.D. July 2, 2024); see also Fed. Bureau of Prisons, Program Statement 5050.50, at 9–10 (2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last accessed May 4, 2026). Lussier has not met this standard. The remarks from his mother and her doctor indicate that she is suffering from serious medical conditions but is not currently in a position where she is unable to perform self-care. It does not appear from the provided materials that she is entirely bedridden or otherwise unable to perform day-to-day tasks.

Because an extraordinary and compelling reason based on family incapacitation requires that the family member is incapacitated and that the defendant is the "only available caregiver," the Court does not need to consider

whether Lussier is the only available caregiver. See U.S.S.G. § 1B1.13(b)(3)(C).

Still, Lussier has not made this required showing either. Lussier indicates that his

sister is unable to care for their mother. (Doc. 169 at 1.) Lussier's mother's second

letter to the Court indicates that "family" came to care for her grandchildren

while she was in the hospital and that her three grandchildren have since taken

care of her needs "as best they could," but now it is "Jacob's turn to help." (Doc.

183.) However, the Sentencing Guidelines only contemplate a circumstance

where the defendant is the "only available caregiver." U.S.S.G. § 1B1.13(b)(3)(C)

(emphasis added). Lussier's mother's letter indicates the existence of other

possible caregivers in her life.

Therefore, as presented to the Court, Lussier's mother's health does not

present the type of "extraordinary and compelling" reason to warrant

compassionate release.

### D.   Section 3553(a) Factors

The 18 U.S.C. § 3553(a) factors also weigh against granting this motion.

Lussier was convicted of second-degree murder. The sentence the Court gave

Defendant of 292 months, where the guidelines at the time provided for up to

365 months in prison, provided just punishment for the offense, reflected the

15

seriousness of the offense, and promoted respect for the law. Nothing in

Lussier's motion indicates that the Court's original analysis is not still sound.

## IV.   ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED** that

1. Lussier's Motion For Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) **[Doc. 167]** is **DENIED**; and

2. Lussier's Motion for Leave to File Out of Time **[Doc. 180]** is **DENIED** as moot.

Date:  May 6, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court